IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Timothy Kindstrom,<br><br>   Plaintiff,<br><br> v.<br><br>County of Lake, Illinois, Lake County Sheriff, Kimberly Furrer Lenzini, Daniel Brown, Michael Nerheim, Michael Melius, Daniel Lenzini, Jordana Ballesteros, and Rachel Hamm,<br><br>   Defendants. | Case No. 3:22-cv-50041<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

  Plaintiff Timothy Kindstrom brings this seventeen-count action *pro se* against the various Defendants for alleged violations of his constitutional rights. Before the Court is Defendants' motion for an intra-district transfer to the Eastern Division. For the reasons explained below, that motion [26] is denied.

  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As the moving party, Defendants bear the burden of establishing that the desired forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). The ultimate decision on whether to transfer rests within the discretion of the district judge, after a case-by-case consideration of convenience and fairness. *Rsch. Automation, Inc. v. Shrader-*

1

*Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). That discretion is broad and encompasses all factors relevant to the convenience of the parties and the interests of justice. *Id.* The analysis is two-fold. First, courts consider any factors that may weigh on convenience. Second, courts consider any factors that may weigh on the interests of justice.[1] *Id.* at 978.

    Defendants argue in favor of transfer on the grounds that the situs of the material events was allegedly in Lake County, Illinois. Furthermore, because they reside in Lake County, Defendants point out the inconvenience to them of having to travel to Rockford for any in-person hearings. Defendants further point out that the public transportation options to this Court are less than the public transportation options in the Eastern Division. Defendants additionally contend that there may be witnesses in Lake County that are equally inconvenienced if they are required to travel to the Western Division.

    In response, Kindstrom contends that he will have at least thirteen witnesses that reside in the Western Division, in McHenry County. He asserts that seven of those witnesses live in Woodstock, Illinois. Those witness, he continues, would be inconvenienced if they had to travel into Chicago for these proceedings. They would have to pay additional money to use public transportation, or pay for parking, which is not a concern if they travel to the Western Division, where parking is more readily available—and free, for at least the first two hours. He further contends

---

[1] Defendants made no argument in favor of transfer under the interests of justice element of the test, and the Court knows of no reason why the interests of justice would favor transfer, outside of those factors that are considered under the convenience prong of the analysis.

that traffic driving into the City of Chicago would make the commute for any hearing substantially longer. Finally, Kindstrom points out that he is litigating this case *pro se*, and so he often needs to drive to the courthouse to file documents after getting them stamped by the Clerk of Court. These frequent trips are significantly more convenient for him if the case remains in the Western Division, versus requiring him to drive into Chicago in the Eastern Division. Finally, he points out that his complaint invokes some court cases in McHenry County, Illinois, that are involved in the conspiracy he alleges. Thus, he argues, the Defendants are wrong to contend that all material events occurred in the Eastern Division.

At the outset, it should be noted that the likelihood of witnesses coming to court for anything other than trial is extremely remote. So, this issue is not of major concern as a practical matter. Nevertheless, to be sure, any time parties and witness straddle the borders of two judicial districts or divisions, someone will be inconvenienced. That is certainly the case here, but others (maybe more) would be inconvenienced if the Court granted transfer. Furthermore, the Court finds persuasive Kindstrom's argument that he will have a heightened interaction with the Court on an in-person basis because of his status as a *pro se* litigant. This potential need for frequent travel to the courthouse, in addition to the convenience of the thirteen witnesses, weighs in favor of keeping the case in the Western Division.

Furthermore, courts generally do not grant motions to transfer venue unless the defendant presents compelling arguments sufficient to disturb the plaintiff's

choice of forum. Indeed, disturbing a plaintiff's choice of forum should be rare. *In re Nat'l Presto Indus.*, 347 F.3d 662, 663–64 (7th Cir. 2003). Here, Defendants have not met their burden of establishing that the Eastern Division is "clearly more convenient." *Coffey*, 796 F.2d at 219–20. They point only to convenience factors and have not argued that any interest of justice factor affects the analysis. But Kindstrom invokes the same convenience factors in favor of keeping this action in the Western Division. Indeed, Kindstrom contends that more witnesses reside in the Western Division, and that he will be especially inconvenienced as a *pro se* litigant. Thus, the Court declines to disturb Kindstrom's choice of forum. Defendants' motion to transfer [26] is denied.

Date: July 5, 2022

_____
Honorable Iain D. Johnston
United States District Judge