IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Tim Kindstrom, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:22-cv-50041 |
| | ) | |
| v. | ) | |
| | ) | |
| Lake County, et al., | ) | Magistrate Judge Lisa A. Jensen |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, Plaintiff's motion for attorney representation [101] is denied without prejudice.

**STATEMENT**

Plaintiff Tim Kindstrom has moved for attorney representation in this case, which alleges federal civil rights and related state-law claims against Lake County, the Lake County Sheriff's Office, a police officer, a probation officer, and several current and former prosecutors in Lake County. *See generally* Dkt. 82. Plaintiff alleges generally that he was wrongfully arrested for violating two emergency orders of protection and wrongfully arrested and convicted for violating a bail bond. *Id.* ¶ 1. Plaintiff further alleges that the statute authorizing ex parte emergency orders of protection is unconstitutional on its face and as applied by the police, prosecutors, and judges of Lake County and that Defendants, together with various named and unnamed government officials, violated his civil rights when they obtained and enforced the orders. *See id.* ¶¶ 1–14. In his motion, Plaintiff states that he has been unable to obtain counsel on his own but does not otherwise explain why court-appointed counsel would be appropriate in this case. Dkt. 101.

"There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). "[T]he statute's language is 'entirely permissive' with 'the decision whether to recruit pro bono counsel left to the district court's discretion' and without any 'congressional preference for recruitment of counsel in any particular circumstance or category of case.'" *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself? *See Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007). Among the factors to be considered are: (1) the stage of litigation; (2) the plaintiff's submissions

to date; (3) the plaintiff's medical and mental health issues; (4) the plaintiff's literacy, communication skills, education level, and litigation experience; and (5) the complexity of the case. *See Olson*, 750 F.3d at 712; *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt*, 503 F.3d at 655–56.

On the first factor, the litigation is currently in the motion to dismiss stage. Because "complexity increases and competence decreases as a case proceeds to the advanced phases of litigation," a plaintiff's need for counsel is at its lowest point at this early stage. *See Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Accordingly, this factor weighs against appointing counsel.

On the second factor, Plaintiff's submissions have included arguments and citations involving both factual and legal issues. *See* Dkt. 82. Plaintiff was able to collaborate with opposing counsel to prepare and submit a joint initial status report and proposed case management order. Dkts. 20–21, 48–49. When Defendants moved to transfer this case to the Eastern Division, Dkt. 26, Plaintiff filed a brief in response, Dkt. 33, and prevailed on the motion, Dkt. 34. Plaintiff has engaged in some written discovery, including producing Rule 26(a)(1) disclosures. Dkt. 57. Plaintiff has shown that he understands what is involved in a motion to dismiss by submitting a first amended complaint, Dkt. 82, that purports to resolve issues raised in Defendants' prior motions to dismiss, Dkts. 59–60. Based on Plaintiff's submissions in the case thus far, he appears competent to continue representing himself, so this factor thus weighs against appointing counsel.

On the third factor, Plaintiff has not identified any medical or mental health issues that would affect his ability to litigate this case, nor has the Court observed any indication of such issues. This factor thus weighs against appointing counsel.

On the fourth factor, Plaintiff is literate and has some college education. Dkt. 101, at 2. Plaintiff has demonstrated through his numerous filings that he has the ability to communicate in writing, and Plaintiff has had no difficulty joining the Court's telephonic hearings or contacting the Court to seek relief when necessary. At the Court's telephonic hearings, Plaintiff has shown himself to be articulate and courteous. Although it is not clear whether Plaintiff has experience with civil litigation in other cases, he has dealt with numerous procedural matters in this case and successfully argued against a divisional transfer motion, as discussed above. Considering Plaintiff's education, communication skills, and experience in this case, this factor weighs against appointing counsel.

On the fifth factor, the Seventh Circuit has stated that "there are no hard and fast rules for evaluating the factual and legal difficulty of the plaintiff's claims" and thus the inquiry "is particularized to the person and case before the court." *Pruitt*, 503 F.3d at 655–56. Although Plaintiff's amended complaint is far from straightforward, his civil rights and state-law claims are not novel or particularly unusual, nor are Defendants' defenses to those claims. Moreover, Plaintiff has already shown some familiarity with the legal issues by filing an amended complaint that

purports to resolve legal issues raised in Defendants' prior motions to dismiss, as mentioned above. In the absence of any showing to the contrary, the Court has no reason to believe the factual and legal issues are so complex they exceed Plaintiff's capacity to litigate on his own behalf. The Court concludes that this factor weighs against appointing counsel.

Having weighed the five *Pruitt* factors, the Court concludes that Plaintiff appears competent to litigate this case on his own behalf at this stage. By denying Plaintiff's motion for attorney representation, the Court is not minimizing the importance of this case to Plaintiff or the difficulty of representing oneself in federal court, merely recognizing that "[t]he valuable help of volunteer lawyers is a limited resource." *Dupree v. Hardy*, 859 F.3d 458, 462 (7th Cir. 2017)

For the foregoing reasons, Plaintiff's motion for attorney representation is denied without prejudice. Should the case proceed to a point that the assistance of counsel is appropriate, the Court would entertain a renewed motion. However, any such motion must address the factors identified above and discuss all reasons Plaintiff believes recruiting an attorney is warranted so this Court may accurately determine his capacity to litigate this case himself. *See Watts*, 42 F.4th at 767 ("[C]ourts have wide discretion to change course . . . if, as the case progresses, factual or legal developments lead the court to revise its evaluation . . . .").

Finally, the Court again directs Plaintiff to the District Court Pro Se Assistance Program. An appointment may be scheduled by calling (312) 435-5691. Additional information is available on the Court's website at https://www.ilnd.uscourts.gov (located under "Information for People without Lawyers").

Date: January 30, 2023          By: _Lisa A. [signature]_
                                                            Lisa A. Jensen
                                                            United States Magistrate Judge