**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Tim Kindstrom, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:22-cv-50041 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Lake County, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Plaintiff's motions to disqualify the Illinois Attorney

General's Office and Assistant Attorney General Marci Sahinoglu [153] [169] are denied.

**I. Background**

Plaintiff Tim Kindstrom, proceeding *pro se*, brings this action alleging violations of his

civil rights for wrongful arrest, detention, and conviction stemming from criminal prosecutions

against him in 2017 by the Lake County State's Attorney's Office for violations of orders of

protection and a bail bond. Dkt. 147. Plaintiff alleges that Defendants, namely a probation officer

and several current and former prosecutors in Lake County conspired to fabricate evidence against

him. Plaintiff further alleges that after his conviction was vacated in 2018, Defendants continued

to conspire to conceal their misconduct. Plaintiff is currently proceeding on his fourth amended

complaint. Dkt. 147.[1]

When this case was filed in 2022, Defendants were initially represented by attorneys from

the Lake County State's Attorney's Office. In June 2022, Plaintiff filed a motion to disqualify

---

[1] Defendants' responses to the fourth amended complaint were held in abeyance pending this Court's ruling on Plaintiff's motions to disqualify. Dkt. 155.

Lake County State's Attorney Eric Rinehart and the Lake County State's Attorney's Office based on a conflict of interest. Dkt. 30. In response to Plaintiff's motion to disqualify, counsel from the Lake County State's Attorney's Office withdrew and counsel from the Kane County State's Attorney's Office appeared pursuant to their appointment as special state's attorneys on behalf of the following Defendants: Lake County and current or former Lake County Assistant State's Attorneys Kimberly Furrer Lenzini, Michael Melius, Daniel Lenzini, Daniel Brown, Kathleen Laughlin, Suzanne Willett, and Daniel Kleinhubert. *See* Dkts. 39–44. Illinois Assistant Attorney General ("AAG") Marci Sahinoglu appeared for two Defendants: former Lake County State's Attorney Michael Nerheim and probation officer Jordana Ballesteros. Dkts. 45, 47, 54–55.[2]

On September 4, 2023, Plaintiff filed a motion to disqualify AAG Sahinoglu and the Illinois Attorney General's Office from representing Defendants Nerheim and Ballesteros (hereinafter "Defendants") in this case. Dkt. 153. Defendants filed a response objecting to Plaintiff's motion, and Plaintiff filed a reply. Dkts. 156–57. Plaintiff cites to numerous Illinois Rules of Professional Conduct to argue that because the Attorney General's Office "was intimately involved with these proceedings" before he filed suit, anyone working in that office has a conflict of interest that requires disqualification. Dkt. 153 at 1. In support, Plaintiff references twelve Freedom of Information Act ("FOIA") requests he submitted to the Lake County State's Attorney's Office between 2019 and 2022. Although Plaintiff did not attach any of his FOIA requests or the responses, Plaintiff stated that he sought documents and communications from Defendants, and many others, to support his allegations of a conspiracy relating to his 2017 criminal prosecutions. Plaintiff took issue with the Lake County State's Attorney's Office

---

[2] *See Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 342 (7th Cir. 2010) ("Illinois law explicitly holds that the state's attorney is a state, and not a county employee."); *Villalobos v. Kinn*, No. 00 C 50388, 2001 WL 980552, at *4 (N.D. Ill. Aug. 21, 2001) ("[A] probation officer is a nonjudicial member of the judicial branch of State government and not a county officer.") (internal quotation marks and citation omitted).

responses, noting that many of the documents he requested were either redacted or withheld based on exemptions under FOIA. Accordingly, Plaintiff requested that the Public Access Counselor,[3] which is a part of the Attorney General's Office, review those responses. Plaintiff argues that because the Attorney General's Office received confidential information related to this case during the FOIA process, and because he plans to call numerous witnesses from the Attorney General's Office regarding their knowledge and participation in the FOIA process, the entire office has a conflict of interest that requires disqualification.

This Court held a hearing on Plaintiff's motion to disqualify on November 29, 2023. Dkt. 164. Plaintiff was given leave to supplement his motion with additional documents in support of disqualification, namely documents to support that he participated in a mediation process with the Public Access Counselor regarding his FOIA requests. Thereafter, on December 18, 2023, Plaintiff filed an amended motion to disqualify. Dkt. 169. Plaintiff's amended motion makes many of the same arguments he makes in his original motion, but Plaintiff attached the twelve FOIA requests, along with some of the FOIA responses from the Lake County State's Attorney's Office and attorneys from the Attorney General's Office Public Access Bureau. Relying on these documents, Plaintiff argues that because the Attorney General's Office acted as a third-party neutral in resolving his FOIA requests, disqualification is required. Defendants stand on their original objections but also filed a supplemental response to address Plaintiff's arguments relating to the FOIA process. Dkt. 174.

---

[3] The Public Access Counselor is part of the Public Access Bureau in the Attorney General's Office. *See Office of the Illinois Attorney General's Organization Chart*, https://perma.cc/G26J-89XH. Some of the Public Access Counselor's responsibilities include: issuing advisory opinions on FOIA and in response to requests by public bodies; resolving or mediating disputes between members of the public and public bodies concerning FOIA requests; and investigating and issuing opinions in response to requests for review submitted by members of the public when a FOIA request has been denied by a public body. *What does the Public Access Counselor do?*, ILL. ATT'Y. GEN., https://perma.cc/A8PE-3HY2.

## II. Discussion

Motions for disqualification are evaluated using a two-step analysis. *Freeman Equip., Inc. v. Caterpillar, Inc.*, 262 F. Supp. 3d 631, 634 (N.D. Ill. 2017). First, the court considers whether an ethical violation has occurred. *Id.* Second, if the court finds that there has been an ethical violation, it must determine whether disqualification is the appropriate remedy. *Id.* As the moving party, Plaintiff bears the burden of showing the facts warranting disqualification. *Fematt v. Finnigan*, No. 11-CV-1530, 2012 WL 3308759, at *2 (N.D. Ill. Aug. 13, 2012). "This burden is a heavy one, for the disqualification of a party's legal representative is an extreme measure that courts should hesitate to impose except when absolutely necessary." *Bedree v. Lebamoff*, No. 1:04-CV-427, 2007 WL 3430937, at *2 (N.D. Ind. Nov. 14, 2007); *see also Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982) (emphasizing that motions for disqualification "should be viewed with extreme caution for they can be misused as techniques of harassment").

The Court is mindful of its obligation to construe Plaintiff's *pro se* motions in a liberal manner. *See McGee v. Bartow*, 593 F.3d 556, 565-66 (7th Cir. 2010). Nevertheless, it remains Plaintiff's burden to show that disqualification is warranted. Even with the most liberal construction possible, Plaintiff has not met this burden.

As an initial matter, Defendants argue that Plaintiff does not have standing to bring the instant motions to disqualify. Defendants argue that because Plaintiff is not a current or former client of AAG Sahinoglu or the Attorney General's Office and has not been adversely affected by counsel's representation of Defendants, Plaintiff is not a party that the rules of professional conduct were indented to protect.[4] Dkt. 156 at 4 (citing *Perkins v. Cook Cnty.*, No. 09 C 4930, 2010 WL

---

[4] This Court agrees with Defendants that Plaintiff does not have standing to raise a conflict of interest under the rules of professional conduct for current and former clients. *See* ABA Model Rules 1.7, 1.8, and 1.9;

747570, at *2 (N.D. Ill. Mar. 2, 2010)). Although Plaintiff does not argue that he will suffer any harm based on an attorney-client relationship between him and the Attorney General's Office, he is arguing that the Attorney General's Office, as a third-party neutral during the FOIA process, owes him a duty to protect the confidential information it obtained during that process. Plaintiff alleges that the Public Access Counselor received confidential information related to this case when reviewing his FOIA requests.

Although it is unclear what confidential information was provided to the Public Access Counselor when reviewing Plaintiff's FOIA requests, Plaintiff has provided evidence that it reviewed many of his requests, reviewed many of the documents that the Lake County State's Attorney's Office redacted or declined to produce, and received briefing on the issue from both sides before deciding if the responses Plaintiff received complied with FOIA. As Plaintiff points out, the rules of professional conduct prohibit an attorney from representing anyone in connection with a matter in which the attorney served as a third-party neutral without the parties' consent. According, Plaintiff has demonstrated that he is a party that the rules of professional conduct were designed to protect such that this Court will address his arguments for disqualification.

**A. Third-Party Neutral**

Plaintiff's main argument for disqualification stems from the Public Access Counselor's involvement in his FOIA requests to the Lake County State's Attorney's Office. Plaintiff argues that under Illinois Rules of Professional Conduct 1.12 and *In re Dhillon*, No. 10-41700, 2011 WL 3651308 (Bankr. S.D. Ill. Aug. 18, 2011), the Public Access Counselor, as part of the Attorney

---

*Perkins*, 2010 WL 747570, at *2 ("In a motion to disqualify, the proper party to raise a conflict of interest issue is the party that relevant rules of professional conduct were intended to protect, that is, the current or former clients of the attorney."). However, for the reasons stated below, Plaintiff's reliance on those rules to show a conflict of interest in this case are without merit.

General's Office, acted as a third-party neutral when resolving his FOIA requests.[5] Accordingly,

Plaintiff argues that the Public Access Counselor's receipt of confidential information related to

this case creates a conflict of interest that is imputed to the entire Attorney General's Office.

However, Plaintiff's reliance on Rule 1.12 and *In re Dhillon*, 2011 WL 3651308, to seek

disqualification of AAG Sahinoglu and the entire Attorney General's Office is misplaced.

The American Bar Association's Model Rules of Professional Conduct are the rules of

professional conduct adopted by this court. *See* Local Rule 83.50.[6] Although Plaintiff cites to the

Illinois Rules of Professional Conduct, any differences from the ABA Model Rules are not relevant

to the issues here.

Rule 1.12 provides, in relevant part:

(a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person or as an arbitrator, mediator or other third-party neutral, unless all parties to the proceeding give informed consent, confirmed in writing.
…
(c) If a lawyer is disqualified by paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter unless:

(1) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

---

[5] Defendants argue that under *Envt'l. Prot. Agency v. Pollution Control Bd.*, 372 N.E.2d 50, 52 (Ill. 1977), the Illinois Attorney General only has a conflict of interest in two scenarios: (1) "where the Attorney General is interested as a private individual;" and (2) "where the Attorney General is an actual party to the action." This Court agrees that neither scenario exists here. However, this Court disagrees with Defendants position that a conflict of interest in this case can *only* arise in the above two scenarios such that this Court need not analyze Plaintiff's arguments under ABA Model Rule 1.12. *Envt'l. Prot. Agency*, 372 N.E.2d 50, evaluated an Attorney General's conflict as it related to whether he or she could represent opposing state agencies in a legal dispute. Here, Plaintiff is arguing that the Attorney General's Office should be disqualified based on an imputed conflict of interest relating to the receipt of confidential information by other attorneys within that office.

[6] Local Rule 83.50 further provides that "[o]n any matter not addressed by the ABA Model Rules or for which the ABA Model Rules are inconsistent with the Rules of Professional Conduct, a lawyer admitted to practice in Illinois is governed by the Illinois Rules of Professional Conduct, as adopted by the Illinois Supreme Court, and a lawyer not admitted to practice in Illinois is bound by the Rules of Professional Conduct for the state in which the lawyer's principal office is located."

(2) written notice is promptly given to the parties and any appropriate tribunal to enable them to ascertain compliance with the provisions of this Rule.

ABA Model Rule 1.12.

The comments to the rule point out that "[a]lthough lawyers who serve as third-party neutrals do not have information concerning the parties that is protected under Rule 1.6 [prohibiting the disclosure of confidential information gained from the lawyer-client relationship], they typically owe the parties an obligation of confidentiality under law or codes of ethics governing third-party neutrals." *In re Dhillon*, 2011 WL 3651308 at *3; *see* ABA Model Rule 1.12, cmt. 3. Relying on Illinois Rule of Professional Conduct 1.12, the court in *In re Dhillon*, 2011 WL 3651308, held that because an attorney participated personally and substantially as a third-party neutral between the parties when drafting a commercial lease, the attorney was disqualified from later representing one of those parties as a creditor against the other party where the litigation centered on the very lease the attorney drafted.[7]

Here, assuming the Public Access Counselor's participation in Plaintiff's FOIA requests constitutes personal and substantial participation in a matter as a third-party neutral, this Court agrees that it should not represent Defendants in this case pursuant to Rule 1.12 and the holding in *In re Dhillon*, 2011 WL 3651308. However, *In re Dhillon*, 2011 WL 3651308, does not address the imputation of such a conflict of interest to attorneys not involved as third-party neutrals.

The obligation of confidentiality identified by Plaintiff in this case would only implicate the Public Access Counselor and the attorneys in the Public Access Bureau in the Attorney

---

[7] The court also found that because the litigation centered on the very lease the attorney drafted, it was likely the attorney would be called to testify regarding the nature of the negotiation and the parties' understanding of the terms contained in the lease. *In re Dhillon*, 2011 WL 3651308, at *3. Accordingly, the court found that the attorney should also be disqualified as a necessary witness under Rule 3.7. *Id.* For the reasons stated later in this Opinion, this Court finds that Plaintiff has not met his burden to show that disqualification is warranted under Rule 3.7.

General's Office that were involved in Plaintiff's FOIA dispute. This Court's review of the FOIA documents that Plaintiff attached to his amended motion give no indication that AAG Sahinoglu was involved in any way in Plaintiff's FOIA requests. Furthermore, AAG Sahinoglu represents that she did not participate in resolving Plaintiff's FOIA requests and was never part of the Public Access Bureau. In fact, she did not even work in the Attorney General's Office in any capacity until July 2022, after this suit was filed. Accordingly, Plaintiff has not met his burden to disqualify AAG Sahinoglu under Rule 1.12.

Moreover, Plaintiff has not met his burden to show that any conflict involving the Public Access Counselor should be imputed to the entire Attorney General's Office. Rule 1.12 provides that even when a lawyer is disqualified for participating personally and substantially in a matter as a third-party neutral, disqualification of the lawyer's firm[8] is not required where the lawyer is properly screened from the matter. ABA Model Rule 1.12(c).

AAG Sahinoglu represents that she is not part of the Public Access Bureau and instead works in a different division of the Attorney General's Office, namely the Government Representation Division in the General Law Bureau. AAG Sahinoglu further represents that the Public Access Bureau has not had any involvement in this litigation and will not have any involvement going forward. Plaintiff's general allegations of undue influence throughout the entire Attorney General's Office are insufficient to rebut that the Public Access Counselor is properly screened from this case such that disqualification of the entire Attorney General's Office is not warranted. However, AAG Sahinoglu shall continue to take the necessary steps to ensure that the

---

[8] Although not a firm in the traditional sense, the Attorney General's Office is considered a firm for purposes of this rule. *See* ABA Model Rule 1.0, cmt. 3 ("With respect to the law department of an organization, including the government, there is ordinarily no question that the members of the department constitute a firm within the meaning of the Rules of Professional Conduct.").

Public Access Counselor and the attorneys in the Public Access Bureau are properly screened from this case.

Plaintiff additionally makes the cursory argument that any conflict of interest stemming from the Public Access Counselor's participation as a third-party neutral should be imputed to the entire Attorney General's Office under Rules 1.10 and 1.11 because the Attorney General's Office is considered one "firm." Dkt. 169 at 10. However, Rule 1.10 specifically states that "[t]he disqualification of lawyers associated in a firm with former or current government lawyers is governed by Rule 1.11." ABA Model Rule 1.10(d). As such, Rule 1.11 provides in relevant part:

> (d) Except as law may otherwise expressly permit, a lawyer currently serving as a public officer or employee:
>
> (1) is subject to Rules 1.7 and 1.9; and
>
> (2) shall not:
>
> (i) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless the appropriate government agency gives its informed consent, confirmed in writing;

ABA Model Rule 1.11(d).

Plaintiff fails to show how Rule 1.11 is applicable in this case. Plaintiff provides no evidence of an attorney-client relationship with AAG Sahinoglu or any attorney within the Public Access Bureau such that a conflict of interest under Rules 1.7 and 1.8 for current clients, and Rule 1.9 for former clients would exist. Plaintiff also does not argue that AAG Sahinoglu or any attorney in the Public Access Bureau participated personally and substantially in this matter while in private practice. Even if Plaintiff could establish a conflict of interest under Rule 1.11, such conflict would not be imputed to the entire Attorney General's Office. *See* ABA Model Rule 1.11, cmt. 2 ("Because of the special problems raised by imputation within a government agency, paragraph (d) does not impute the conflicts of a lawyer currently serving as an officer or employee of the

government to other associated government officers or employees, although ordinarily it will be prudent to screen such lawyers.").

## B. Attorney as a Witness

Plaintiff also argues for disqualification by asserting that he plans to call numerous attorneys from the Attorney General's Office, such as Illinois Attorney General Kwame Raoul and others from the Public Access Bureau, as witnesses in this case.

Rule 3.7 provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

ABA Model Rule 3.7.

Although Plaintiff provides a long list of attorneys from the Attorney General's Office that he plans to call as witnesses, *see* Dkt. 153 at 2, he does not provide this Court with any indication that they are "necessary witness" such that Rule 3.7 is implicated. Plaintiff makes the conclusory assertion that the "witnesses that will be called are directly related to this case," but his only reference to the testimony he plans to solicit is that he plans to call Illinois Attorney General Kwame Raoul "in reference to his knowledge and/or participation in the FOIA process." Dkt. 157 at 7. Plaintiff has not met his burden to show a conflict of interest under Rule 3.7 for several reasons.

10

First, Plaintiff's conclusory assertion that attorneys from the Attorney General's Office will offer testimony "related to this case" does not establish that they are necessary witnesses on a contested issue. "A necessary witness under Rule 3.7 is one whose testimony is unobtainable elsewhere." *Walton v. Diamond*, No. 12 C 4493, 2012 WL 6587723, at *2 (N.D. Ill. Dec. 14, 2012) (internal quotation marks and citation omitted). Plaintiff must also show that the testimony is "relevant and material" to this case. *Id.* It is unclear at this stage of the proceedings whether testimony relating to the FOIA process is necessary or relevant or that such testimony will be a contested issue in the case.

Second, Plaintiff does not state that he intends to call AAG Sahinoglu as a witness. Rule 3.7 only bars a lawyer from acting as the trial attorney when he or she will likely be a necessary witness. *See* ABA Model Rule 3.7. Moreover, even if the witnesses Plaintiff identifies are considered necessary witnesses, Rule 3.7 does not automatically impute that conflict to AAG Sahinoglu or the entire Attorney General's Office. *See* ABA Model Rule Rule 3.7(b) ("A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.").

Third, even accepting Plaintiff's arguments as true that there is a conflict in this case, disqualification at this point in the case would be premature. "Rule 3.7 serves to reduce the risk of jury confusion and to avoid the appearance of impropriety. These concerns do not come into play unless and until the attorney-witness is also trial counsel." *alfaCTP Sys., Inc. v. Nierman*, No. 15-CV-9338, 2016 WL 687281, at *6 (N.D. Ill. Feb. 19, 2016) ("Thus, the rule does not prohibit Speranza from representing alfaCTP in pre-trial proceedings, or prohibit another member of the Firm from acting as trial counsel, even if the Court eventually disqualifies Speranza under Rule 3.7."). Accordingly, at this stage of the proceedings, any concern of prejudice at trial would be

11

merely speculative. Therefore, Plaintiff has not shown that disqualification is warranted under Rule 3.7 at this time.

It remains Plaintiff's burden to show that disqualification is warranted. Plaintiff has not met that heavy burden here where he has not shown a conflict of interest and has not identified any other ethical violations or rule of professional conduct that would justify disqualification of AAG Sahinoglu or the Attorney General's Office in this case.

### III. Conclusion

For these reasons, Plaintiff's motions to disqualify the Illinois Attorney General's Office and Assistant Attorney General Marci Sahinoglu [153] [169] are denied.

Date: March 4, 2024                          By: _Lisa A. G_____
                                                  Lisa A. Jensen
                                                  United States Magistrate Judge

12